UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. 08 MJ 1671 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF |
| | Title 8, U.S.C., Section |
| Anallanci BARRAGAN (D1) | 1324(a)(2)(B)(iii) |
| and | Bringing in Illegal Aliens |
| Morgan GONZALEZ (D2) | Without Presentation |
| AKA: Morgan GONZALEZ-RAMIREZ | |
| | Title 8, U.S.C., Section 1326 |
| Defendants. | Attempted Entry After |
| | Deportation |

The undersigned complainant being duly sworn states:

## COUNT 1

On or about **May 27, 2008**, within the Southern District of California, defendant **Anallanci BARRAGAN**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Morgan GONZALEZ AKA: Morgan GONZALEZ-RAMIREZ**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

## COUNT 2

On or about **May 27, 2008**, within the Southern District of California, defendant **Morgan GONZALEZ AKA: Morgan GONZALEZ-RAMIREZ**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 28th day of May, 2008

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Morgan GONZALEZ** is citizen of a country other than the United States; that said alien has admitted he is deportable; that his testimony is material; that it is impracticable to secure his attendance at trial by subpoena; and that he is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144. Material witness is also held pursuant to Title 8, United States Code, Section 1326.

On May 27, 2008, at about 1:35 PM, **Anallanci BARRAGAN (D1)** made application for admission into the United States at the San Ysidro, California Port of Entry as the driver and sole visible occupant of a green 1997 Buick Regal. Upon inspection before a United States Customs and Border Protection (CBP) Officer, D1 presented her United States Passport and gave a negative customs declaration. D1 claimed ownership of the vehicle and explained numerous times that she had just purchased the vehicle. The CBP officer conducted a cursory inspection of the vehicle and noticed discrepancies between the trunk space, speaker box and the rear seat backrest. Upon closer inspection, the CBP Officer noticed what appeared to be a human being concealed in the hollow space of the speaker box. The vehicle and its occupants were subsequently escorted to secondary for further inspection.

In secondary, one male was discovered hidden inside a hollow space of the speaker box. CBP Officers were required to remove the rear seat from the vehicle, remove four bolts and washers that held the rear seat backrest in place and physically pull the backrest upward and remove the rear seat backrest from the vehicle in order to gain access into the speaker box to successfully free the trapped male.

The male was queried by 10-digit fingerprints and photograph comparison through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS returned a match to the query, identifying the male as a citizen of Mexico and a previously deported alien. The male was also linked to FBI and Immigration Service records and is now identified as **Morgan GONZALEZ AKA: Morgan GONZALEZ-Ramirez (D2)**.

Immigration Service records, including the Deportable Alien Control System (DACS) identified D2 as a previously deported alien. DACS information indicates that on or about October 1, 2007 an Immigration Judge ordered D2 deported and removed from the United States to Mexico. Immigration Service records contain no evidence that D2 has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, D1 was advised of her Miranda Rights and elected to submit to questioning without benefit to counsel. D1 admitted she was aware of one concealed undocumented alien. D1 admitted she personally knows D2 and is aware that D2 has been previously deported. D1 admitted she assisted in the planning and preparations of the smuggling act and agreed to smuggle D2 into the United States.

D2 was advised of his Miranda rights. D2 acknowledged his rights and agreed to answer questions without benefit of counsel. D2 admitted he is a citizen of Mexico by birth. D2 admitted he no longer possesses documents that would permit his legal entry into the United States. D2 admitted he has been previously deported by an Immigration Judge and was removed to Mexico. D2 admitted he has not applied for or received permission from the United States government to legally re-enter the United States. D2 admitted he intended to enter the United States to live with D1 in Oakland, California.